Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
SIDLEY AUSTIN LLP
Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6046
Facsimile: (213) 896-6600

*Attorneys for Defendant
Walgreen Co.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKATERINA GLIADKOVSKY, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'24CV0418 AGS MSB**<br><br>**DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL**<br><br>State Action Filed: January 31, 2024<br><br>State Action Served: February 5, 2024 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Walgreen Co. ("Walgreen" or "Defendant") hereby removes the above-captioned case, entitled *Ekaterina Gliadkovsky v. Walgreen Co.*, originally filed in the Superior Court of the State of California, County of San Diego and assigned Case No. 37-2024-00004816-CU-BT-CTL (the "State Court Action") to this Court under 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set out below:

## I. BACKGROUND

On January 31, 2024, Plaintiff Ekaterina Gliadkovsky ("Plaintiff") filed the State Court Action alleging claims for violation of the California Invasion of Privacy Act (Penal Code §§ 630, et seq), specifically Penal Code § 632.7. On behalf of a putative class of California callers, Plaintiff alleges that Defendant records telephone calls made to Defendant's toll-free customer service telephone line without warning or disclosure to inbound callers that their calls might be recorded. Complaint, ¶ 1. A true and correct copy of the Complaint is attached to the Declaration of Amy Lally as **Exhibit A**. Plaintiff alleges that Defendant's acts and practices violate Penal Code § 632.7 the moment a recording of a telephone communication is made without the consent of all parties. Ex. A (Complaint, ¶ 2). Plaintiff seeks statutory penalties pursuant to Penal Code § 637.2(a), injunctive relief and attorneys' fees. On February 5, 2024, Plaintiff personally served the Complaint and Summons on Defendant. A true and correct copy of the Proof of Service is attached to the Declaration of Amy Lally as **Exhibit B**.

Defendant denies the allegations of wrongdoing in the Complaint and that Plaintiff is entitled to any of the relief requested. At this time, however, the relevant inquiry is whether this Court has jurisdiction over this matter, which it plainly does pursuant to CAFA.

## II. THIS COURT HAS JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d). Though filed in state court, Plaintiff's Complaint alleges facts sufficient to support that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005. Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

CAFA's requirements are satisfied here.

### A. Class Action.

The State Court Action is a class action as defined by CAFA. According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).

Plaintiff brings claims on behalf of himself and a proposed class of "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ('Class Period'), called Defendant's customer service sales number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset." Ex. A (Complaint, ¶ 22). The State Court Action therefore meets the definition of a "class action" under CAFA.

### B. Removal Under CAFA.

CAFA provides that a class action brought against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100 (28

U.S.C. § 1332(d)(5)(B)); (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant (*id.* at (d)(2)); and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. *Id.*; *see also* § 28 U.S.C. § 1453(b). Each of these requirements are met here.

### 1. The Number of Proposed Class Members Is At Least 100.

This requirement is satisfied because Plaintiff alleges that the class consists of "more than 100 persons." Ex. A (Complaint, ¶ 26).

### 2. Diversity of Citizenship Under CAFA.

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The parties are minimally diverse. An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that she resides in and is a citizen of California. Ex. A (Complaint, ¶ 8).

Defendant is not a citizen of California. A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *The Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (for diversity jurisdiction, "principal place of business" refers to the "nerve center" of the corporation which is where "a corporation's officers direct, control, and coordinate the corporation's activities"). A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92-93. In practice, this is the place "where the corporation maintains its headquarters. *Id.* at 93. Plaintiff specifically alleges that Defendant "is an Illinois corporation, with its headquarters located in Deerfield, Illinois." Ex. A (Complaint, ¶ 9). Therefore, Defendant is alleged to be a citizen of the state of Illinois, and is, in fact, a citizen of the state of Illinois.

Because at least one member of the proposed class "is a citizen of a State different from . . . [D]efendant" (28 U.S.C. § 1332(d)(2)(A)), CAFA's diversity of citizenship requirement is satisfied. Moreover, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)–(B) do not apply because no defendant is a citizen of California.

### 3. Amount in Controversy.

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2). Although Defendant maintains that Defendant has not injured Plaintiff or any putative class member, the alleged amount in controversy here exceeds $5 million. Plaintiff's Complaint seeks statutory penalties, injunctive relief, and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. (*See* Exhibit A, Complaint, Request for Relief).

As the Supreme Court has explained, a removing defendant need only *plausibly allege* that the amount in controversy exceeds CAFA's threshold: "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *13 (N.D. Cal. Sep. 12, 2016) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will actually owe.") (citations omitted); *Yeroushalmi v. Blockbuster Inc.*, No. 05-225, 2005 U.S. Dist. LEXIS 39331, at *10 (C.D. Cal. July 11, 2005) (observing that the amount in controversy provisions under CAFA should be "interpreted expansively" in favor of removal) (*quoting* S. Rep. No. 109-14, at 42 (2005)).

Here, Plaintiff's allegations demonstrate that the amount in controversy is satisfied. Specifically, Plaintiff defines the putative class as "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ('Class Period'),

called Defendant's customer service sales number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset." Ex. A (Complaint, ¶ 22). She further alleges that "the precise number of Class members and their location can be ascertained through appropriate discovery and records held by Defendant . . . regarding calls from California area codes to Defendant's toll-free customer service telephone number." Ex. A (Complaint, ¶ 26). Plaintiff claims that the "Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2(a)(1)." Ex. A (Complaint, ¶ 41).

Over the one-year statutory period preceding the filing of the lawsuit to date, Defendant has received well over 1,000 calls from individuals identified by California area codes on Defendant's customer service number. *See* Declaration of Melissa Izydorski, ¶ 4. If each caller from a California area code received an award of $5,000 as requested by the Plaintiff (*id*.), the total damages would exceed $5 million, thereby satisfying the minimum amount in controversy.

Further, the above analysis does not include attorney's fees, which Plaintiff seeks (Ex. A (Complaint, Prayer for Relief ¶ 5)) and which must be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"). Assuming for the sake of this removal only that this Court were to apply a 25% common fund benchmark if Plaintiff were somehow successful, Plaintiff's attorney's fees would increase the amount in controversy to well over the threshold $5 million. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.").

In short, Plaintiff requests relief that, if granted, would cost Defendant in excess of $5 million. The alleged amount at issue in Plaintiff's Complaint plainly exceeds the jurisdictional minimum under CAFA.

### III. DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

#### A. This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty days after service of the Complaint on Defendant. Here, Defendant was personally served with a conformed copy of the Summons and Complaint on February 5, 2024. Ex. B. Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. §1446(b).

#### B. Defendant Has Satisfied all Procedural Requirements.

Venue is proper. Plaintiff filed this action in the Superior Court of the State of California, County of San Diego. Accordingly, this action is properly removed to this Court, which embraces San Diego County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Defendant is the only defendant that Plaintiff has served. The Doe Defendants have not been named or served and therefore do not need to consent to removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

The Complaint was filed on January 31, 2024 and served on Defendant along with a summons on February 5, 2024. Therefore, this Notice of Removal has been timely filed within thirty days of Defendant's receipt of a copy of the summons and Complaint, pursuant to 28 U.S.C. §§ 1446(b).

Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint served upon Defendant are attached. These are the only process, pleadings, and orders served upon Defendant to date.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of San Diego and will serve written notice of same upon counsel of record for Plaintiff.

Defendant reserves any and all contractual right to require arbitration of this controversy. This Notice of Removal is filed without prejudice to the exercise of such contractual right. By removing the Action to this Court, Defendant does not waive any defenses available to it, including but not limited to, defenses based on defects in or inadequacy of service of process and/or lack of personal jurisdiction.

## IV. CONCLUSION

Plaintiff's allegations demonstrate that CAFA's requirements have been met, including that (1) the proposed class contains at least 100 members, (2) Plaintiff and each of the proposed California class members are citizens of a state different than Defendant's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

DATED: March 1, 2024

Respectfully submitted,

SIDLEY AUSTIN LLP

By: *Amy P. Lally*
Amy P. Lally
Anna Tutundjian
Jessica A. Joyce

*Attorneys for Defendant Walgreen Co.*